IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY W. REESE, | ) |
| Plaintiff, | ) |
| vs. | ) |
| GENERAL ELECTRIC COMPANY, a New York corporation, | ) |
| Defendant. | ) |

DOCKETED
MAY 2 7 2004

04C 3637

JUDGE MANNING

MAGISTRATE JUDGE ASHMAN

## COMPLAINT

Gary W. Reese, by his attorneys, Ronald J. Broida and Jeffrey A. Tullis, for his Complaint against General Electric Company, a New York corporation, states:

### JURISDICTION/VENUE

1. Gary W. Reese ("Plaintiff"), is a 56 year old male residing in Naperville, DuPage County, Illinois.

2. General Electric Company ("Defendant"), is a New York corporation, which at all relevant times maintained and operated a place of business in Oak Brook, DuPage County, Illinois.

3. Jurisdiction is conferred upon this court by 28 U.S.C. 1331 and 29 U.S.C. 621 et seq. Venue is proper under 28 U.S.C. 1391(b) because Defendant is a resident of the Northern District of Illinois and all acts complained of occurred in this District.

4. On March 18, 2004, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), a true and accurate copy of which is attached hereto, as marked as Exhibit A and is incorporated herein by reference.

5. On March 30, 2004, the EEOC mailed to Plaintiff notification of his right to sue. A true and accurate copy of the Notice of Right to Sue is attached hereto, is marked as Exhibit B and is incorporated herein by reference.

## NATURE OF ACTION

6. This action is brought for compensation and punitive damages and other relief arising from Defendant's unlawful discrimination of Plaintiff in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. and willful or reckless indifference to Plaintiff's federally protected statutory rights.

## VIOLATION OF THE ADEA

7. Plaintiff's date of birth is May 16, 1947 and he is 56 years of age.

8. In or around May 30, 1967, Plaintiff commenced employment with Defendant. Plaintiff worked as a Global Account Manager, earning an annual salary of $95,000.00 and at all times performed his job duties above and beyond the expectations of Defendant.

9. Pursuant to a plan developed by Defendant, Plaintiff was re-assigned to the Telecom Industry.

10. Thereafter, on April 29, 2003, six months after Plaintiff's re-assignment, Plaintiff received a lay-off notice from Defendant.

11. Effective August 1, 2003, Plaintiff was terminated.

12. Defendant terminated Plaintiff claiming such termination was not performance related but due to realignment and consolidation of work.

13. Defendant's alleged reason for terminating Plaintiff is pretextual because the termination of Plaintiff is not consistent with actions taken by Defendant and additionally, Plaintiff was passed over by Defendant so that Defendant could place a 26 year old, less qualified candidate to a position that Plaintiff requested and was qualified for.

14. In recent months, two new Global Account Managers were given assignments that were previously responsibilities of Plaintiff.

15. In or around February, 2003, Global Account Manager Lisa Preszak was reassigned to regional account responsibilities previously handled by Plaintiff.

16. In or around March/April, 2003, Global Account Managers Dennis Cochran and Bob Hull were given additional accounts not in their target market.

17. Effective July, 2003, Defendant also announced new sales organizations.

18. In announcing new sales organizations, Defendant created several senior professional positions.

19. Though qualified and having over 36 years of experience with Defendant, Plaintiff was not considered for any of these additional positions or assignments.

20. Defendant instead promoted a 26 year old, less qualified candidate to a senior professional position as Industrial District Manager in Chicago.

21. At all times during his employment with Defendant, Plaintiff performed the essential functions of his job in a satisfactory manner.

22. Throughout the duration of Plaintiff's 36 years with Defendant, Plaintiff had taken the assignments Defendant had asked of Plaintiff, exceeded sales budgets, taken sales team leadership, found new ways to develop corporate relationships and won numerous sales awards.

23. Defendant, through the aforementioned actions, has intentionally violated Plaintiff's rights under the ADEA, and in doing so, has acted with malice and reckless indifference to Plaintiff's federally protected rights.

24. As a result of Defendant's misconduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost employment benefits, his 401(k) benefits, health insurance and bonuses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. Plaintiff has also incurred a reasonable attorneys' fees and court costs in prosecuting this action.

Wherefore, Gary W. Reese, prays for entry of judgment in his favor and against General Electric Company, a New York corporation, and for the following relief:

A. Reinstatement of Plaintiff to his former position or another available position for which Plaintiff is qualified and all increases in salary and benefits he would have received but for Defendant's unlawful conduct;

B. An award of back-pay with interest from the date Defendant terminated Plaintiff from the act of payroll to the date of judgment;

C. An award of front-pay to compensate Plaintiff for future lost wages and benefits;

D. An award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

E. An award of exemplary damages to punish Defendant for engaging in the discriminatory practice with malice or reckless indifference to the legally productive rights of Plaintiff;

F. An award of Plaintiff's attorneys' fees and costs in prosecuting this action; and

G. For such other and further relief as the court may deem just.

Gary W. Reese,

By: _____
One of His Attorneys

Ronald J. Broida
Jeffrey A. Tullis
Broida and Tullis, Ltd.
Attorneys at Law
Attorneys for Plaintiff
1250 E. Diehl Road, Suite 108
Naperville, Illinois 60563
(630) 245-1515
(630) 245-1565 FAX

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 210-2004-03649 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Gary W. Reese | (630) 983-7656 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1395 Deep Run Road, Naperville, IL 60540 | | 5/16/47 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| General Electric Company | | (630) 573-3218 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2015 Spring Road, Suite 400, Oak Brook, IL 60521 | | DuPage |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST 4/29/2003    LATEST 8/1/2003
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

See attached sheet which is incorporated herein by reference.

RECEIVED EEOC
MAR 18 2004

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature: Gary W. Reese]*

Date 3/17/04    Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*[signature: Gary W. Reese]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
3/17/04  *[signature: Peggy J. Scheppele]*

OFFICIAL SEAL
Peggy J. Scheppele
Notary Public, State of Illinois
DuPage County
My Commission Expires May 12, 2006

EEOC FORM 5 (Rev. 06/92)

EXHIBIT A

The Particulars Are:

My date of birth is May 16, 1947, I am currently 56 years of age. My most recent position with GE was that of SPB Global Account Manager. I am submitting this charge of discrimination as a covered claim due to the fact that I believe that my termination is employment discrimination based on age in violation of the Age Discrimination and Employment Act of 1967. GE stated that my termination was not performance related but due to "realignment and consolidation of work." The so-called elimination of my position is not consistent with actions taken by management.

Elimination of position:
1) On August 23, 2002, Sheri Sakagawa presented to GE Industrial Systems, business units her summer project of Telecom Industry Overview. The focus was years 2002 thru 2004 projected growth plan, trends and capital spending.
2) October 31, 2002, Dave Griffith, General Manager of Global Accounts, redeployed Global Account Managers to target markets in lieu of regional market focus. I was assigned to the Telecom Industry with $271 Billion in revenues. The goal was to position GE with the winners in this industry for the turn around in 2004/2005 and to understand their market drivers, infrastructure, supply chain and technology.
3) April 29, 2003, I received the layoff notice, six months after redeployment.
4) Effective August 1, 2003, I was removed from the GE payroll.

Consolidation of Work:
1) In recent months two new Global Account Managers were signed, David King and David Orsini.
2) In February 2003 Global Account Manager Lisa Pieszak was reassigned to Regional Account responsibilities.
3) In March/April 2003 Global Account Managers Dennis Cochran and Bob Hull were given additional accounts not in their target market.

Effectively July 1, 2003, new sales organizations were announced. Several senior professional positions were created. A 26 year old was promoted to senior professional as Industrial District Manager in Chicago. As a senior professional, at the age of 56 (that is, over 40 years old) with 36 years with GE, I was not considered. For 36 years I have taken the assignments GE asked of me, exceeding sales budgets year after year, taking sales team leadership, finding new ways to develop corporate relationships and winning numerous sales awards.

At the time I was discharged, I was earning $95,000.00 a year and reasonably anticipate that it will take me two years to become employed in a situation that I was in at the time I was fired. As a result of my termination, I have lost the use of a car, lost a considerable amount of potential pension benefits (for example, if I were to work until I was 65 years of age, my pension benefits would be nearly $2,000.00 more per month), lost, at current salary, matching contributions from my employer to the savings plan of over $3,300.00 per year, lost salary increases, bonuses and stock options, I have suffered pain and emotional distress (as a long-term employee I was summarily discarded from the workforce and, as a punitive measure, the employer delayed paying my pension benefits by four months during which time there was no income into the family).

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
(Issued on request)

| To: | Gary W. Reese | From: |
|---|---|---|
| | 1395 Deep Run Road | Equal Employment Opportunity Commission |
| | Naperville, IL 60540 | 500 West Madison |
| | | Suite 2800 |
| | Certified: 7001 0360 0000 0463 4833 CP Atty: | Chicago, Illinois 60661 |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 210-2004-03649 | Cheryl Mabrry-Thomas, Enforcement Supervisor | (312) 353-8178 |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

[ ] More than 180 days have expired since the filing of this charge.

[X] Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

[X] With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

[ ] It has been determined that the Commission will continue to investigate your charge.

[X] **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you received notice that EEOC has completed action on your charge.**

[ ] **Because EEOC is closing your case,** your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

[ ] **EEOC is continuing its investigation.** You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

[ ] **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On Behalf of the Commission

_3/30/2004_
(Date)

_John P. Rowe_
John P. Rowe, District Director

Enclosures
    Information Sheet
    Copy of Charge

cc: Respondent(s)      General Electric Co.

EEOC Form 161-B (Test 10/94)

EXHIBIT B

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Gary Reese

**DEFENDANTS**
General Electric Company, A New York Corporation

DOCKETED
MAY 27 2004

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DuPage
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DuPage
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04C 3637

JUDGE MANNING
MAGISTRATE JUDGE ASHMAN

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jeff Tulis and Ron Broida
Broida & Tulis, Ltd. 1250 E. Diehl Rd.
#108, Naperville, IL 60563

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Age Discrimination 29 USC 3621 et seq.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
SIGNATURE OF ATTORNEY OF RECORD
5-21-2004

DOCKETED
MAY 27 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of
Gary W. Reese,
　　　Plaintiff,
vs.

General Electric Company,
a New York corporation
　　　Defendant.

Case Number: **04C 3637**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Gary W. Reese

**JUDGE MANNING**

**MAGISTRATE JUDGE ASHMAN**

| (A) | (B) |
|---|---|
| SIGNATURE *(signed)* | SIGNATURE *(signed)* |
| NAME: Ronald J. Broida | NAME: Jeffrey A. Tullis |
| FIRM: Broida and Tullis, Ltd. | FIRM: Broida and Tullis, Ltd. |
| STREET ADDRESS: 1250 E. Diehl Road, Suite 108 | STREET ADDRESS: 1250 E. Diehl Road, Suite 108 |
| CITY/STATE/ZIP: Naperville, IL 60563 | CITY/STATE/ZIP: Naperville, IL 60563 |
| TELEPHONE NUMBER: (630) 245-1515 | FAX NUMBER: (630) 245-1565 | TELEPHONE NUMBER: (630) 245-1515 | FAX NUMBER: (630) 245-1565 |
| E-MAIL ADDRESS: broidatullis@aol.com | E-MAIL ADDRESS: broidatullis@aol.com |
| IDENTIFICATION NUMBER: 303933 | IDENTIFICATION NUMBER: 6244030 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |